IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ORUM, #195256, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-709-MHT |
| | ) |
| JOSEPH HEADLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Michael Orum, an indigent state inmate, in which he challenges the constitutionality of actions which occurred at the Elmore Correctional Facility during May of 2016.

The order of procedure entered in this case instructed Orum to immediately inform the court of any new address. Doc. No. 4 at 5-6. The docket indicates that Orum received a copy of this order. However, the court recently obtained information indicating that Orum is no longer at the last address provided for service.[1]

Based on the foregoing, the court entered an order requiring Orum to inform the court of his current address no later than July 3, 2017. Doc. No. 35 at 1. This order specifically advised Orum that the case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. No. 35 at 1-2. As of the present date, the court has

---

[1] The last address provided to the court by Orum is Bibb Correctional Facility. A recent search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Orum is no longer incarcerated within the state prison system.

received no response from Orum to the aforementioned order nor has he provided the court with his current address as required by the order of procedure. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, Orum has failed to comply with the directives of the orders entered by this court regarding provision of a current address. In addition, this case cannot properly proceed in Orum's absence. It likewise appears that since his release from incarceration Orum is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

The parties may file objections to the Recommendation on or before **July 21, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of July, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE